UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ADRIAN ANTHONY LESTER,

          Defendant.

**Hon. Hugh B. Scott**

11-MJ-2094 (HBS)

**Order**

The parties appeared at a status conference before this Court on January 12, 2012 (Docket No. 7; see Docket No. 6). Previously, on September 13, 2011, a criminal Complaint was entered against defendant (Docket No. 1), alleging reentry of a deported alien in violation of 8 U.S.C. § 1326(a), and defendant made his initial appearance on that Complaint that same day wherein a preliminary hearing was set (Docket No. 2). The Government next moved to detain defendant and that was granted (id.). On September 27, 2011, a preliminary hearing was scheduled but not held; instead, the parties indicated that a plea agreement had been reached and defendant waived his right to a preliminary hearing and this Court indicated that he would be released and this Complaint dismissed thirty days from the date of the waiver, see 18 U.S.C. § 3162(a)(1), or by October 27, 2011 (text minute entry, Sept. 27, 2011).

Chief Judge Skretny was assigned to Case No. 11CR336 for possible plea upon an Information and an appearance was scheduled on October 27, 2011, for December 9, 2011, before the Chief Judge (Docket No. 4). On December 9, 2011, defendant was not produced. The arraignment and plea did not go forward and this matter was referred to this Court to resolve

issues of the expiration of time and defendant's continued detention. (Docket No. 5.) A status conference then was held before the undersigned on January 12, 2012 (Docket No. 7), where it was noted that an immigration detainer has been filed against the defendant.

Under Federal Rule of Criminal Procedure 5.1, this Court must conduct a preliminary hearing unless a defendant waives the hearing, Fed. R. Cr. P. 5.1(a)(1). Under the Speedy Trial Act, 18 U.S.C. § 3161(b), an Information or Indictment "shall be filed **within thirty days from the date on which such individual was arrested or served with a summons in connection**" with the charges. If no pleading is filed within that period, "**such complaint shall be dismissed or otherwise dropped**," with or without prejudice. 18 U.S.C. § 3162(a)(1) (emphasis added).

"The complaint is a written statement of the essential facts constituting the offense charged," Fed. R. Cr. P. 3. "If the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it," Fed. R. Cr. P. 4(a), while at the request of the Government the Court may issue a summons instead, id. A criminal complaint thus is an application for an arrest warrant, see Gaither v. United States, 413 F.2d 1061, 1076 & n.45 (D.C. Cir. 1969) (quoting 8 J.W. Moore, Federal Practice ¶ 3.02 (Cipes ed. 1968)); 24 Moore's Federal Practice–Criminal § 603.02[1] (2011), to obtain personal jurisdiction over a suspect, Fed. R. Cr. P. 3, 4(a). The criminal complaint is not a felony pleading and is not a prerequisite to the filing of an Indictment or Information, 24 Moore's Federal Practice–Criminal, supra, § 603.02[1]; cf. Fed. R. Cr. P. 12(a). When the defendant appears on that complaint (and possibly an arrest warrant) at an initial appearance, in addition to stating the

charges alleged, the Court detains or releases the defendant on conditions, Fed. R. Cr. P. 5(d)(3), (4); see 18 U.S.C. § 3142(a).

The effect of waiver of a preliminary hearing is that, if that defendant is not charged either by an Indictment or Information within thirty days (and no apparent condition exists to extend that period, cf. 18 U.S.C. § 3161(h)), the Complaint that started this criminal proceeding ceases to exist.  The basis for criminal jurisdiction over defendant to detain him while charges are pending also ceased to exist.  Since there is no charge, there is no basis to restrain a defendant's liberty; the Order detaining defendant is expired.

Therefore, there are no charges pending against defendant and no jurisdiction to retain defendant in the custody of the United States Marshal's Service.  Defendant may remain under an immigration detainer.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       January 13, 2012